IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ELLEN DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-02664-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCIENCE APPLICATIONS | ) | |
| INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R") that the court grant defendant Science Applications International Corporation's ("SAIC") motion for summary judgment. For the reasons set forth below, the court adopts the R&R and grants SAIC's motion for summary judgment.

## I. BACKGROUND

This case arises out of SAIC's alleged discrimination against its former employee, plaintiff Ellen Drake ("Drake"). Drake brought claims against SAIC for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), disability discrimination in violation of the Americans with Disabilities Act ("ADA"), hostile work environment based on sex and age in violation of Title VII and the ADEA, and retaliation in violation of Title VII and the ADEA. Despite Drake's objection to the R&R's recitation of the facts, the court finds that the R&R ably recites the detailed facts of the case, and because it is unnecessary to recapitulate the complaint, pleadings,

1

depositions, and exhibits constituting the factual record, this order dispenses with a recitation thereof.

Drake filed her initial complaint on October 3, 2017, ECF No. 1, and subsequently filed an amended complaint on December 7, 2017, ECF No. 14, and a second amended complaint on September 18, 2018, ECF No. 44. On November 20, 2018, SAIC filed its motion for summary judgment. ECF No. 52. Drake responded to the motion on December 17, 2018, ECF No. 59, and SAIC replied on December 27, 2018, ECF No. 61. On March 4, 2019, the magistrate judge issued the R&R, recommending that the court grant SAIC's motion for summary judgment as to all of Drake's claims. ECF No. 62. Drake filed objections to the R&R on March 18, 2019, ECF No. 63, and SAIC replied to Drake's objections on March 25, 2019, ECF No. 64. The matter is now ripe for the court's review.

## II. STANDARD

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the

magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

**III. DISCUSSION**

Drake first objects to the R&R's recitation of the facts in the factual background portion of the R&R, arguing that they are improperly presented in a light most favorable to SAIC. Drake then fills 21 pages of her objections with her recitation of the facts. Drake also makes various objections about the R&R's findings on her individual claims. The court finds none of these objections convincing.

**A. The R&R's Recitation of Facts**

Drake first argues that the R&R improperly drew its recitation of the facts primarily from SAIC's motion for summary judgment and from Drake's second amended complaint, which Drake explains consists only of allegations and not evidence. As a result, Drake contends, the R&R views the facts in the light most favorable to SAIC. However, this argument fails for several reasons. First, in considering the allegations of the second amended complaint in its recitation of the facts, the R&R viewed the facts in the light most favorable to Drake because they are Drake's allegations. And despite claiming that the R&R "does make rare cites to the Plaintiff's exhibits Docket No. 59," ECF No. 63 at 7, the R&R contains numerous citations to Docket No. 59 and its exhibits, which is Drake's response to the motion for summary judgment. Indeed, this court has counted at least 53 references to Docket No. 59 in the R&R. A review of the factual background section of the R&R reveals a balanced recitation of the facts that are drawn from both Drake and SAIC.

Next, Drake lists facts that she argues that the R&R failed to consider. However, instead of explaining how the R&R failed to consider them, Drake simply restates her version of the facts, which are nearly identical to the facts in her response to the motion

for summary judgment. In this section of her objections, Drake does not point the court to areas of the R&R that did not consider certain facts or explain how the R&R failed to consider them.[1] Instead, she just argues that "[t]he Court failed to consider the Plaintiff's actual facts sworn under oath that represent the actions of the Defendant and the Plaintiff (sic) employment" and lists her entire rendition of the facts. ECF No. 63 at 7–29. Given this conclusory objection and Drake's failure to "direct the court to a specific error in the magistrate's proposed findings and recommendations," the court need only review the R&R's factual rendition for clear error. Orpiano, 687 F.2d at 47. After considering Drake's objection and reviewing the record using the clear error standard, the court finds that the R&R did not present the facts in the light most favorable to SAIC and that Drake's objection is without merit.

### B. Objections to Individual Claims

In her objections, Drake also makes various arguments about each of her individual claims. The court will address each in turn.

#### a. Discrimination Claims

Drake objects to the R&R's treatment of her sex discrimination, age discrimination, and disability discrimination claims. However, for these three claims, Drake makes identical arguments in her objections as she did in her response to SAIC's motion for summary judgment. Compare ECF No. 59 at 36–38 with ECF No. 63 at 29–30 (sex discrimination claim); compare ECF No. 59 at 38 with ECF No. 63 at 31 (age discrimination claim); compare ECF No. 59 at 39 with ECF No. 63 at 31–32 (disability

---

[1] There are some specific facts that Drake argues that the R&R specifically failed to consider with respect to some of her individual claims. The court addresses those in its consideration of Drake's individual claims.

discrimination claim). A party's objections to an R&R that simply restate the party's original argument before the magistrate judge are not "cognizable and specific" objections. Weber v. Aiken-Partain, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012); see also Brockington v. S.C. Dep't of Soc. Servs., 2019 WL 1090724, at *1 (D.S.C. Mar. 8, 2019) ("[O]bjections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error."). Because Drakes raises the same discrimination arguments, almost word-for-word, in her objections as she did in her response to the motion for summary judgment, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315.

After reviewing the record in this case, the applicable law, and the R&R under a "clear error" lens, the court agrees with the R&R and finds that SAIC is entitled to summary judgment on Drake's sex discrimination, age discrimination, and disability discrimination claims.

### b. Hostile Work Environment

Drake argues that the R&R failed to consider the evidence she presented to show that she was subjected to a hostile work environment. The evidence that Drake cites to includes: (1) an incident regarding Drake's formatting of an operator's manual in December 2016; (2) an incident related to Drake getting her car battery replaced in December 2016; and (3) Drake's claim that her supervisor stalked her in the parking lot. However, Drake's argument fails because the R&R did consider this evidence. Moreover, the R&R found that Drake's hostile work environment claim was entitled to

6

summary judgment because Drake did not present evidence on the other elements of the claim, making this evidence unable to cure the deficiencies in Drake's claim.

First, the R&R clearly did consider the evidence cited by Drake by both mentioning this evidence and citing to the portions of Drake's response to the motion for summary judgment that describe the evidence. The R&R explains that Drake "suggests that the following examples, among others, reflect a hostile work environment" and mentions the operator's manual incident, R&R at 25 (citing ECF No. 59 at 7–8), the car battery incident, id. (citing ECF No. 59 at 7–9), and the stalking allegation, id. (citing ECF No. 59 at 7, 21–22). After considering this evidence, the R&R went on to find that Drake's hostile work environment claim failed because, notwithstanding these examples, Drake failed to produce the evidence that was needed to establish a hostile work environment claim.

Specifically, the evidence cited by Drake all relates to the first element of a hostile work environment claim, and the R&R found that the claim failed due to the lack of evidence on the second and third elements. To prevail a hostile work environment claim, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's sex [and/or age]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Mosby-Grant v. City of Hagerstown, 630 F.3d 326, 334 (4th Cir. 2010). The R&R found that Drake failed to present any evidence that the allegedly hostile work environment was based on her sex and/or her age, that her sex and/or age were the "but for" causes of her purported harassment, and that the alleged conduct was so severe or pervasive as to alter Drake's conditions of employment. The

7

incidents that Drake discusses in her objections are evidence of unwelcome conduct, not evidence of the deficient elements identified by the R&R. As such, the R&R correctly found that SAIC is entitled to summary judgment on Drake's hostile work environment claim.

### c. Retaliation

In Drake's final objection, she argues that the R&R "determine[d] that [Drake]'s initial complaints were not protected and of course agrees with [SAIC] in their (sic) delineation of the facts in contradiction to the requirements of Summary Judgment which requires (sic) that the facts be in a light most favorable to [Drake]." ECF No. 63 at 34. The elements of a Title VII or ADEA retaliation claim are (1) engagement in a protected activity; (2) adverse employment action against the plaintiff; and (3) a causal link between the protected activity and the employment action. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (Title VII); Johnson v. Mechanics & Farmers Bank, 309 F. App'x 675, 684 (4th Cir. 2009) (ADEA). "Protected activity does not include generalized employment-related complaints unrelated to Title VII-prohibited discrimination." Sung Kun Kim v. Panetta, 2012 WL 3600288, at *17 (E.D. Va. Aug. 21, 2012), aff'd, 516 F. App'x 268 (4th Cir. 2013); see also White v. Rice, 1995 WL 20796, at *4 (4th Cir. 1995) (holding that "generalized verbal complaints to co-workers and supervisors" are not protected activity under Title VII); Sara Kaye Ruffner v. MD OMG EMP LLC, 2012 WL 3542019, at *3 (D. Md. Aug. 13, 2012) ("The employee must, at least implicitly or indirectly, complain about or oppose prohibited discrimination."). The R&R determined that Drake's initial complaints were not protected activity because they did not allege discrimination or a hostile work

environment based on sex or age. These initial complaints include Drake's complaints "regarding her position in December of 2015 and 2016 because of the classification of her position," ECF No. 59 at 42, and Drake's March 8, 2017 verbal complaint to Marcia Saari, a human resources business partner. Id. at 27.

Drake does not provide any more information about her 2015 and 2016 complaints other than the quoted language above. Based on the description of the complaints as being related to Drake's position and the classification of her position, and absent any reference to discrimination or a hostile work environment, the R&R correctly concluded that these complaints were nothing more than "generalized employment-related complaints." See Sung Kun Kim, 2012 WL 3600288, at *17. Drake does state that when she made her verbal complaint on March 8, she said that she was being subjected to a hostile work environment. ECF No. 59 at 27; ECF No. 59-10 at 13. However, she does not state that she was subjected to a hostile work environment based on her sex or age. Title VII and the ADEA only provide protection from work environments that are hostile based on sex or age discrimination, not from generally hostile work environments. Therefore, the R&R properly concluded that Drake's initial complaints were not protected activity but instead were generalized complaints that are not protected by Title VII or the ADEA.

## IV. CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **GRANTS** SAIC's motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 11, 2019
Charleston, South Carolina**