# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ELLEN DRAKE, | ) |
| | ) |
| Plaintiff, | ) No. 2:17-cv-02664-DCN |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| SCIENCE APPLICATIONS | ) |
| INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant Science Applications International Corporation's ("SAIC") submission of a bill of costs for $1,881.02. Plaintiff Ellen Drake ("Drake") opposes the costs. For the reasons set forth below, the court sustains in part and overrules in part Drake's objections and grants SAIC $1,550.92 in costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[W]hile Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award, and [the Fourth Circuit] review[s] such exercise of discretion for abuse." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). For costs to be compensable under Rule 54(d)(1), "a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement." Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 427 (7th Cir. 2000); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441–42 (1987). Under 28 U.S.C. § 1920, costs are permitted for, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for

1

exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

SAIC prevailed in this action, having judgment entered in its favor pursuant to the court's order granting SAIC's motion for summary judgment. SAIC submitted a bill of costs that includes fees from the depositions taken in this case and costs for obtaining copies of Drake's medical records. Drake objects to these costs, arguing that (1) the deposition transcripts for all of the depositions except Drake's were not necessary; (2) SAIC is not entitled to recover the cost of obtaining copies of the deposition transcripts; (3) SAIC is not entitled to deposition attendance fees or scanned exhibit fees; and (4) there is an increase in the fee for Drake's deposition transcript for which SAIC does not provide explanation and for which SAIC should not recover. The court finds that the deposition transcripts were necessary and that SAIC is entitled to recover the deposition copy costs and attendance fees. However, SAIC is not entitled to recover the costs of the scanned exhibit fees or the increased fee for Drake's deposition, which SAIC explains is the expedited rate of the transcript.

**A. Necessity of Depositions and Transcript Copies**

Drake first argues that the depositions taken in this case, other than Drake's deposition, were unnecessary. "A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "In order for the deposition to be necessary, it needs only to be relevant and material for the preparation in the litigation." Francisco v. Verizon S., Inc., 272 F.R.D. 436, 442–43 (E.D. Va. 2011). Indeed, the deposition does not even have to be used in a motion for dispositive relief.

Id. at 443. "Additionally even if it is not used at trial, a deposition taken within the proper bounds of discovery is normally deemed to be necessarily obtained for use in the case." Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship, 730 F. Supp. 2d 513, 531 (E.D. Va. 2010), aff'd sub nom. 442 F. App'x 776 (4th Cir. 2011) (internal quotations omitted).

Here, the parties took the depositions of Drake, Jeff Stewart ("Stewart"), Marcia Saari ("Saari"), Dennis Brady ("Brady"), and Rhonda White ("White"). In its motion for summary judgment and reply, SAIC used excerpts from all of these depositions except Brady's. However, as discussed above, a deposition may be necessary even if it was not used in a dispositive motion. After review of the record and issues in this case, the court finds that these depositions were reasonably necessary because the depositions were relevant and material to this litigation. Drake argues that the depositions were unnecessary because "[t]he matter did not go to [trial]" and that SAIC did not use the complete deposition transcripts in its motion for summary judgment. ECF No. 68 at 2. However, 28 U.S.C. § 1920 permits recovery of costs for deposition transcripts obtained "for use in the case." The statute does not distinguish between use at trial and use for dispositive motions, nor does it require use of the entire transcript in a dispositive motion. Therefore, the court finds that the depositions were reasonably necessary and awards costs to SAIC for the deposition transcripts.

Drake also argues that if the court determines that SAIC is entitled to recover costs of the deposition transcripts, then SAIC should only recover the cost of the original transcripts and not the copies. However, this position was squarely rejected in Principe v. McDonald's Corp., in which the court permitted the recovery of the cost of both the

3

original and copies of the deposition transcripts. 95 F.R.D. 34, 37 (E.D. Va. 1982); see also Int'l Wood Processors v. Power Dry, Inc., 598 F. Supp. 299, 305 (D.S.C. 1984), aff'd, 792 F.2d 416 (4th Cir. 1986) ("Costs for copies of deposition transcripts . . . are allowed under § 1920(2) as part of the stenographic transcript which is necessary for the effective preparation of the trial, as opposed to being a mere luxury or convenience."). Therefore, the court permits recovery of the cost of the deposition transcript copies.

### B. Attendance and Scanned Exhibit Fees

Drake next contends that the deposition attendance fees and scanned exhibit fees for depositions are not compensable. With regard to the court reporter's attendance fees, "[t]he prevailing party is entitled to reimbursement for all costs incident to the deposition, including the cost of the court reporter's attendance." JTH Tax, Inc. v. Aime, 2017 WL 3710835, at *2 (E.D. Va. May 1, 2017) (internal quotation omitted). Indeed, courts within the Fourth Circuit have awarded costs for court reporters' attendance fees at depositions. See Verizon S., Inc., 272 F.R.D. 436, 444 (E.D. Va. 2011) (concluding that the court reporter's attendance fee was a reasonable fee that was recoverable by the prevailing party); JTH Tax, Inc. v. Aime, 2017 WL 3710835, at *2 (E.D. Va. May 1, 2017) (awarding court reporter's attendance fee); Francisco v. Par. v. Siemens Med. Sols. USA, Inc., 2011 WL 1098966, at *3 (E.D.N.C. Mar. 15, 2011) (awarding prevailing party the court reporter's appearance fees). As such, SAIC can recover the court reporter's attendance fees, which are $180.

However, SAIC cannot recover the scanned exhibit fees from the depositions. A prevailing party may not recover the "costs for the inclusion of [deposition] exhibits, 'as these are primarily for the convenience of counsel, who often has a copy of the exhibit at

hand already.'" Delapp v. Shearer's Foods, Inc., 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016) (quoting Scallet v. Rosenblum, 176 F.R.D. 522, 529 (W.D. Va. 1997)); see also Selective Way Ins. Co. v. Apple, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) (denying recovery of cost incurred from including exhibits in deposition transcripts). Therefore, the court disallows recovery of the $50.25 scanned exhibit fee from Drake's deposition, the $9.45 scanned exhibit fee from Stewart's deposition, and the scanned exhibit fee of $4.20 from Saari's deposition.

### C. Expedited Transcript Fee

Drake's final objection is to the increased fee for her deposition transcript. SAIC explains that this fee was not included on the initial invoice for Drake's deposition because the court reporter did not charge the rate for an expedited transcript on the initial invoice. The subsequent invoice did contain the expedited rate, which resulted in a $266.20 increase in fee. SAIC contends that the expedited transcript was necessary because at the time Drake's deposition was taken on July 11, 2018, the discovery deadline was August 3, 2018. While SAIC focuses on the discovery deadline, the decisive deadline for the purposes of determining whether an expedited transcript was necessary here is the deadline for dispositive motions. At the time of Drake's deposition, the deadline for dispositive motions was September 4, 2018.

"Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service." Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). These courts have permitted recovery of a fee for an expedited deposition transcript when the amount of time between the deposition and the deadline for the dispositive motion was about one

5

month or less.  See id. (finding fee for expedited transcripts to be reasonable when depositions took place within approximately a month of the defendant filing his motion for summary judgment); McAirlaids, Inc. v. Kimberly-Clark Corp., 2014 WL 495748, at *10 (W.D. Va. Feb. 6, 2014) (expedited transcript fee recoverable when deposition occurred a little over one month before motions for summary judgment were due); Jafari v. Old Dominion Transit Mgmt. Co., 2014 WL 108898, at *4 (E.D. Va. Jan. 10, 2014) (expedited transcript fee recoverable when deposition took place on September 12, 2012, and the deadline for dispositive motions was September 26, 2012); Mann v. Heckler & Koch Def., Inc., 2011 WL 1599580, at *5 (E.D. Va. Apr. 28, 2011) (expedited transcript fee recoverable when there was two weeks or less between depositions and deadline for summary judgment motion).  Here, there was a little less than two months between the date of Drake's deposition and the deadline for SAIC's motion for summary judgment.  Based on this time period, and without any further explanation from SAIC as to why it was necessary to expedite the deposition transcript, the court finds that the expedited transcript fee was unnecessary and disallows the $266.20 fee.

Finally, SAIC seeks to recover the cost of making copies for Drake's medical records, which totals $164.92.  While Drake argues that SAIC is "not entitled to any costs," ECF No. 68 at 2, she does not provide any substantive objection to the costs of the medical records copies; therefore, the court permits recovery of these costs.

In sum, SAIC can recover the costs for the deposition transcript and copies, $1,206.00, the court reporter attendance fees, $180.00, and the copies of Drake's medical records, $164.92.  The court disallows recovery of the cost of exhibit scanning, $63.90, and the expedited transcript fee, $266.20.  For the foregoing reasons the court

**SUSTAINS** in part and **OVERRULES** in part Drake's objections and **GRANTS** SAIC $1,550.92 in costs.

  **AND IT IS SO ORDERED.**

                _____
                **DAVID C. NORTON**
                **UNITED STATES DISTRICT JUDGE**

**June 10, 2019**
**Charleston, South Carolina**